UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ANTHONY LARSON,<br><br>Defendant. | 5:20-CR-50110-01-CCT<br><br>**ORDER GRANTING MOTION<br>TO REDUCE SENTENCE** |

Defendant, Anthony Larson, filed a motion, under 18 U.S.C. § 3582(c)(2), requesting a reduction to his sentence pursuant to new retroactive Sentencing Guidelines provisions. Docket 217. Plaintiff, the United States of America, agrees that Larson's motion should be granted. Docket 218 at 3. For the following reasons, Larson's motion for a sentence reduction is granted.

## DISCUSSION

The process for considering a § 3582(c) motion is well established. As the Supreme Court has made clear, § 3582(c) "does not authorize a . . . resentencing proceeding." *Dillon v. United States*, 560 U.S. 817, 825 (2010). Rather, it provides only for the possibility of "a limited adjustment to an otherwise final sentence" following a "two-step approach." *Id.* at 826, 827.

"At step one, § 3582(c)(2) requires the court to follow the Commission's instructions . . . to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 827. Step two "instructs a court to consider any applicable § 3553(a) factors and determine

1

whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id.*

As to whether the defendant is eligible for any reduction, "§ 1B1.10(b)(1) requires the court to begin by 'determin[ing] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." *Id.* (quoting U.S.S.G. § 1B1.10(b)(1)). If the amendment would not have altered the defendant's sentencing range even if it had been applicable at the time of the defendant's sentencing, then the defendant is not eligible for a sentencing reduction. *See* U.S.S.G. § 1B1.10(a)(2)(B) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the retroactive amendment] does not have the effect of lowering the defendant's applicable guideline range.").

The Guidelines themselves define "applicable guideline range" as "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance." U.S.S.G. § 1B1.10 cmt. n.1(A) (2011); U.S.S.G., app. C., amend. 759 (2011).

On February 4, 2022, the court sentenced Larson to 151 months in prison for conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). Dockets 132, 133. Larson obtained

two "status points" for committing the instant offense while under a criminal justice sentence. Docket 131 ¶ 43. Larson's Guideline range, based on a total offense level of 31 and a Criminal History Category of VI, was 151 to 188 months in custody. Docket 47 ¶ 70; USSG § 5G1.1(c)(2).

On October 29, 2025, Larson filed a motion requesting a reduction to his sentence pursuant to new retroactive Sentencing Guidelines provisions under 18 U.S.C. § 3582(c)(2). Docket 217 at 1. Larson believes he qualifies under Amendment 821, Part A, which modified U.S.S.G. § 4A1.1(e) to eliminate the two criminal history "status points" previously applied for committing a federal offense while under a criminal justice sentence. *Id.* at 2. He requests a sentence term of 135 months' custody. *Id.* at 4-5.

The United States agrees that under new retroactive Sentencing Guideline provisions, Larson would be entitled to a reduction in his sentence. Docket 218 at 3. It notes that Larson was originally sentenced at the bottom end of the Guidelines range and that his current request is for a sentence at the bottom of the new Guidelines range. *Id.* It relates that "[b]ased on the facts and circumstances of this case, [it] does not object to Larson's motion requesting his sentence be reduced to 135 months' custody[.]" *Id.*

In Part A to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission altered the "status points" provision regarding criminal history, which now appears in U.S.S.G. § 4A1.1(e). The amended provision states:

> Add one point if the defendant (1) receives 7 or more points under subsections [§ 4A1.1(a)] through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

U.S.S.G. § 4A1.1(e). The Commission decreed that this change applies retroactively. See § 1B1.10(e)(2) (Nov. 1, 2023).

Larson meets the criteria under amended U.S.S.G. § 4A1.1(e) for a reduction. With that reduction, Laron receives zero "status points," which gives him a total of six criminal history points, resulting in him being in Criminal History Category III, with an advisory guideline range of 135 to 168 months in custody.

After considering all the § 3553(a) factors, and the parties' agreement that reducing the sentence to 135 months is an appropriate reduction in sentence, the court finds the appropriate sentence to be 135 months in custody and grants Larson's motion.

## CONCLUSION

It is ORDERED that Larson's motion (Docket 217) is GRANTED. Probation is directed to prepare an amended Judgment that reflects a sentence of 135 months in custody.

Dated January 20, 2026.

BY THE COURT:

/s/ *Camela C. Theeler*
CAMELA C. THEELER
UNITED STATES DISTRICT JUDGE

4